IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESIGN AND PRODUCTION INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | CASE NO. 1:10-cv-899 |
| v. ) | |
| ) | |
| AMERICAN EXHIBITIONS, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff/Counter-Defendant Design and Production Incorporated's ("D&P") Motion for Costs and Attorneys' Fees (Dkt. No. 144) and Third-Party Defendant Seruto & Company's ("S&C") Motion for Attorneys' Fees (Dkt. No. 146). This case concerns the breach of a contract relating to the design, engineering, fabrication, and supervision of a traveling exhibition entitled "Mummies of the World."

There are two issues before the Court. The issue presented in D&P's Motion for Costs and Attorneys' Fees is whether the Court should grant this motion in the total amount of $133,793.91 when Defendant/Counter-Claimant American Exhibitions Incorporated ("AEI") contests the vagueness of D&P's supporting documentation and the inclusion of fees associated with an unsuccessful motion during litigation. The issue presented in S&C's Motion for Attorneys' Fees is whether the Court should grant this motion when S&C joined specific

performance-related provisions of the governing contract but did not expressly join the contract's fee-shifting provision authorizing attorneys' fees in the event of a contract dispute.

The Court grants D&P's Motion for Costs and Attorneys' Fees. The Court grants D&P's motion with respect to attorneys' fees because it has met its burden of establishing the reasonableness of its fees. The Court, however, reduces the amount requested by $2,775 because this amount reflects the fees associated with an unsuccessful motion for which D&P was sanctioned. The Court grants D&P's Motion for costs because it has met its burden of proof by submitting sufficient documentation substantiating its expenditures during the contract dispute with AEI. The Court, however, reduces the amount requested by $10.99 because an itemization of D&P's requested transcription costs totals $10.99 less than the amount requested on D&P's Bill of Costs.

The Court denies S&C's Motion for Attorneys' Fees because S&C's joinder to the contract did not make the attorneys' fee-shifting provision applicable to S&C.

## I. BACKGROUND

The facts of this case are discussed in detail in this Court's Memorandum Opinion accompanying its September 16, 2011 Order. *See Design & Prod., Inc. v. Exhibition, Inc.*, No. 1:10-cv-899, 2011 WL 5121120, at *2 (E.D. Va. Sept. 16, 2011). The Court recites the facts relevant to this Motion as follows. In 2009, AEI sought vendors to provide design and fabrication services for its "Mummies of the World" exhibition ("Exhibition"). *Id.* AEI discussed with D&P the possibility of D&P performing the work needed for its Exhibition. *Id.* On December 21, 2009, the parties entered into the contract that became the subject of this litigation ("Agreement"). (*See* Ex. A, Dkt. No. 145-1.) Pursuant to the Agreement, D&P agreed to provide "all personnel, services, materials and equipment . . . to design, engineer, fabricate,

and supervise the installation of the [Exhibition] as described in the Concept Plan and in accordance with this Agreement, specifically the Project Schedule and the Project Budget." (*Id.*) The Agreement also provided that, in the event that either party would be required to bring suit to enforce the Agreement, the other party would reimburse the other for reasonable attorneys' fees and costs. (*Id.* at ¶ 13.1.) D&P retained S&C "to perform certain design services in connection with D&P's performance of its obligations set forth in [the AEI/D&P Agreement]." (*Id.* at 11.) On December 14, 2009, S&C executed a joinder to the AEI/D&P Agreement whereby S&C agreed "to (i) perform its obligations in accordance with its agreement with D&P, and (ii) continue to perform its obligations directly for [AEI] in the event D&P defaults on its obligations under the [AEI/D&P Agreement] and/or D&P's agreement with S&C." (*Id.* at 11.)

The present litigation arose out of AEI's refusal to pay D&P for the work described in the Agreement as "Phase V – Production and Construction." *Id.* On August 11, 2010, D&P filed a complaint asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and requested a declaratory judgment that D&P had no further obligations under the Agreement and was entitled to costs and fees. (Dkt. No. 1.) On November 23, 2010, AEI filed a Counterclaim against D&P and a third-party complaint against S&C, asserting claims for breach of contract against both D&P and S&C, fraud in the inducement against D&P, and negligent misrepresentation against D&P. (Dkt. No. 25.)

On May 18, 2011, D&P and S&C filed Motions for Summary Judgment, and AEI filed its Motion for Partial Summary Judgment. (Dkt. Nos. 107 & 113.) On September 16, 2011, this Court issued its Memorandum Opinion and Order, granting D&P and S&C's Motions for Summary Judgment and denying AEI's Motion for Partial Summary Judgment. (Dkt. No. 141.)

D&P's Motion for Costs and Attorneys' Fees and S&C's Motion for Costs and Attorneys' Fees were filed on September 27, 2011, and are now before the Court.

## II. STANDARD OF REVIEW

Under the "American Rule," parties are responsible for their own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). As such, courts generally will not award attorneys' fees absent explicit statutory authority. *Key Tronic Corp. v. United States*, 511 U.S. 809, 814-15 (1994). However, in the absence of explicit statutory authority, parties may incorporate attorneys' fee-shifting provisions into their contracts. *See Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006).[1] In addition to attorneys' fees, a prevailing party is entitled to reasonable costs of litigation if authorized by statute or a contractual provision. *West Square, L.L.C. v. Commc'n Techs., Inc.*, 649 S.E.2d 698, 703 (Va. 2007).

When attorneys' fees are mandated by contractual provision but are not fixed, the Court is required to determine from the evidence what fees are reasonable under the facts and circumstances of the particular case. *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334 (1991) (citing *Beale v. King*, 132 S.E.2d 476, 478 (1963)). In determining a reasonable fee, the Court should consider the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. *Id.* A prevailing party who seeks to recover attorneys' fees pursuant to a contractual provision has the burden to prove that the requested fees are reasonable and necessary. *Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998). Under a contractual provision, however, a prevailing party "is not entitled to recover fees for work performed on unsuccessful claims." *Ulloa*, 624 S.E.2d at 49 (citing *Chawla*, 499 S.E.2d at 833).

## III. ANALYSIS

### A. D&P's Motion for Costs and Attorneys' Fees

---

[1] The Agreement is governed by Virginia law. (Ex. A ¶ 14.0, Dkt. No. 145-1.)

4

The Court grants D&P's Motion for Costs and Attorneys' Fees with respect to attorneys' fees but reduces the requested amount by $2,775, as that amount reflects the reasonable attorneys' fees associated with an unsuccessful motion for which D&P was sanctioned. The Court grants D&P's motion with respect to costs because it has met its burden of proof by submitting sufficient documentation substantiating its expenditures during the contract dispute litigation against AEI.

1.   D&P's Attorneys' Fees

The Court grants D&P's motion with respect to attorneys' fees but reduces the amount by $2,775.

Where a prevailing party is entitled to the award of attorneys' fees and costs, the fee applicant bears the burden of establishing the reasonableness of the requested rate. *Chawla*, 499 S.E.2d at 833. What constitutes "reasonable," may be determined by several factors, including:

> the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

*Id.* The Court is not required to consider each factor. *West Square, L.L.C.*, 649 S.E.2d at 703. "[P]articular factors may have added or lessened significance depending on the circumstances of each case." *Id.*

D&P has submitted to the Court a Memorandum in Support of its Motion for Costs and Attorneys' Fees, a Bill of Costs, and counsel's Declaration, all of which detail to some degree the accounting of hours expended in asserting its claims against AEI and opposing AEI's counterclaims. (Dkt. No. 145, 145-2 & 145-3.) AEI opposes D&P's motion generally for failure to provide sufficient detail of the specific tasks completed for each listed time entry. In addition,

AEI argues that D&P seeks to recover fees associated with an unsuccessful motion to compel for which D&P was ultimately sanctioned.

After carefully reviewing D&P's billing records and considering the *Chawla* factors, the Court finds that D&P's itemization sufficiently details and accounts for the necessary time and labor associated with this case. Furthermore, the Court accepts D&P's Declaration attesting to the reasonableness of its fees commensurate with the respective attorneys' experience and compared to other attorneys' billing practices in the firm. Indeed, D&P has billed at a reduced rate in this case because of the long-established relationship with its client. However, the Court does reduce the amount requested by $2,775 because this amount reflects those charges the Court can identify as being related to the unsuccessful motion to compel.[2] Accordingly, the Court grants D&P's motion and awards D&P $110,650.37 in attorneys' fees.

2. D&P's Costs

The Court grants D&P's Motion for Costs and Attorneys' Fees with respect to costs because it has met its burden of proof by submitting sufficient documentation substantiating its expenditures during the contract dispute litigation with AEI.

The burden to specify attorneys' fees for which an award for attorneys' fees is allowed applies with equal force for an award of costs and expenses. *West Square, L.L.C.*, 649 S.E.2d at 703. The moving party must substantiate, with a "reasonable degree of specificity," those costs and expenses associated with the underlying litigation. *Id.*

---

[2] Design concedes that these charges were inadvertently charged, but argues that only $335 should be deducted based upon the $30 filing fee for the unsuccessful motion and the one-hour court appearance on May 6, 2011 related to that motion. (Pl.'s Reply Br. 3.) However, the documentation submitted by Design fails to distinguish the time spent on this particular motion and the time spent on the deposition, which also occurred on that date. Having no way to accurately compute the exact amount to be deducted, the Court deducts all charges for May 6, 2011 and the $30 filing fee—a total of $2,775.

6

Here, D&P has attached a Bill of Costs to its motion. The Bill contains three entries: (1) a $350 entry for filing fees, (2) a $19,778.54 entry for transcription fees, and (3) a $250 entry for deposition witnesses' fees. (Dkt. No. 145-2.) In addition, D&P has submitted an itemized ledger attached to its motion detailing the dates, descriptions, and amounts of numerous charges incurred during the underlying litigation against AEI, including legal research fees, deposition transcription fees, deposition witness fees, and travel expenses for depositions. (Dkt. No. 145-4.) In total, D&P moves for $20,365.54 in costs.

AEI opposes D&P's Motion for costs, arguing that its Bill does not contain sufficient detail of the charges to support its claim. (Def.'s Opp. Br. 4.) Specifically, AEI challenges D&P's claim for $19,778.54 in transcription fees given that D&P has not provided any invoices for transcription services, and AEI questions whether the transcription fees being sought were "necessarily obtained for use in the case." (*Id.*) D&P responds by attaching four documents to its Reply that appear to be the deposition transcripts challenged by AEI. (Dkt. Nos. 157, 157-1, 157-2, 157-3 & 157-4.)

As an initial matter, the Court rejects AEI's misrepresentation that D&P "attached no itemization or documentation." (*Id.*) D&P submitted twenty-four pages of itemized attorneys' fees and costs, five of which list itemized expenses that include individual charges for transcription services from various agencies that total $19,767.55 as well as charges for the use of legal research tools, deposition witness fees, photocopies, postage and courier services, and travel expenses for depositions. (Dkt. No. 154-4.) Notably, the charges submitted by D&P total more than the amount it requests by this motion. In any event, the Court finds the itemized ledger of costs, in addition to the supplemental documentation submitted in response to AEI's

challenge, to be sufficient to establish that its costs were legitimate, reasonable, and associated with its case against AEI.

The Court holds that D&P has met its burden of substantiating its expenses with a reasonable degree of specificity and therefore grants D&P's motion with respect to costs. However, the Court reduces the requested $19,778.54 for transcription fees to the $19,767.55 reflected in the itemized ledger. Thus, the Court awards D&P $20,354.55 in costs.

### B. S&C's Motion for Attorneys' Fees

The Court denies S&C's Motion for Attorneys' Fees because, while it executed a joinder whereby it accepted certain performance-related obligations under the Agreement, the attorneys' fee-shifting provision of the Agreement was not applicable to S&C.

"[P]arties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." *Ulloa*, 624 S.E.2d at 81. Such provisions are construed as written, and the Court does not add terms that were not included by the parties. *PMA Capital Ins. Co. v. U.S. Airways, Inc.*, 626 S.E.2d 369, 372 (Va. 2006) (citing *Wilson v. Holyfield*, 313 S.E.2d 396, 398 (Va. 1984)). When the terms of the contract are plain and unambiguous, the contract is construed according to its plain meaning. *Id.* Indeed, "[t]he guiding principle in the construction of a contract is the intention of the contracting parties as expressed in the words they have used." *W.D. Nelson & Co. v. Taylor Heights Dev. Corp.*, 150 S.E.2d 142, 145 (Va. 1966).

Although the terms of the fee-shifting provision of the AEI/D&P Agreement are unambiguous, the terms of S&C's joinder to that Agreement do not expressly make the fee-shifting provision applicable to S&C. The fee-shifting provision in the AEI/D&P contract clearly placed the burden upon AEI to pay D&P's reasonable attorneys' fees and costs. S&C

was retained by D&P to perform certain services in connection with the AEI/D&P Agreement and executed a joinder to the AEI/D&P Agreement "for the purpose of agreeing to (i) perform its obligations in accordance with its agreement with D&P, and (ii) continue to perform its obligations directly for [AEI] in the event D&P defaults on its obligations under the [AEI/D&P Agreement] and/or D&P's agreement with S&C." (Ex. A at 11; Dkt. No. 146-1.) Accordingly, the provisions of the AEI/D&P Agreement to which S&C joined were limited by its terms to those provisions relating to its performance obligations with respect to D&P's responsibilities and liabilities under the Agreement. Therefore, the Court does not construe the terms of S&C's joinder agreement to expressly authorize an award of attorneys' fees to S&C in the event of a dispute over the AEI/D&P Agreement.

Moreover, this Court has previously held that all terms of the Agreement were not applicable to S&C. *Am. Exhibitions*, 2011 WL 5121120, at *9. Specifically, the Court, in accepting S&C's argument in its summary judgment motion, held that "the only provisions of the D&P/AEI contract that apply to S&C are those that do not contradict or add to S&C's obligations under its contract with D&P." *Id.* The fee-shifting provision of the Agreement between AEI and D&P is bilateral, meaning that both parties were liable to the other for reasonable attorneys' fees and costs in the event that the other prevailed in a dispute over the Agreement. If S&C joined the Agreement such that the fee-shifting provision is applicable, then it would be liable for AEI's attorneys' fees if AEI prevailed in this action. This provision would "add to S&C's obligations under its contract with D&P." Thus, the fee-shifting agreement does not apply to S&C and was only binding between AEI and D&P, and S&C is therefore not entitled to attorneys' fees under the Agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court grants D&P's Motion for Attorneys' Fees and Costs because D&P has met is burden of proof with respect to (1) attorneys' fees by providing sufficiently detailed records of the attorneys' time, and (2) its request for costs by submitting sufficient documentation substantiating its expenditures during the contract dispute litigation against AEI. The Court denies S&C's Motion for Attorneys' Fees because the fee-shifting provision of the governing Agreement, entitling attorneys' fees and costs, were not applicable to S&C. Accordingly, it is hereby

ORDERED that D&P's Motion is GRANTED. Accordingly, the Court awards D&P $110,650.37 in attorneys' fees and $20,354.55 in costs. It is further

ORDERED that S&C's Motion is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 30th day of November, 2011.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
11/30/ 2011

Gerald Bruce Lee
United States District Judge